IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTHONY C. MCDADE, Mr., <br><br> Plaintiff, <br><br> vs. <br><br> EMPLOYED AMIN. STAFF INDIVIDUALS, DEPT. STAFF MEMBERS OF DEPT OF CORRECTIONS, and REPRESENTIVE OF DISTRICT OF DOUGLAS COUNTY COURT, <br><br> Defendants. | **8:22CV103** <br><br> **MEMORANDUM AND ORDER** |

This matter is before the court on its own motion. On April 19, 2022, the court ordered Plaintiff to show cause within 30 days why he is entitled to proceed in forma pauperis ("IFP") in this action because Plaintiff has accumulated "three strikes" under the Prison Litigation Reform Act ("PLRA"). (Filing 8.) In that Memorandum and Order, the court noted that it had "previously determined that three or more federal court cases brought by Plaintiff, while a prisoner, were dismissed as frivolous or for failure to state a claim," and the court cited two of Plaintiff's previous cases which referred to such cases. *See McDade v. San Luis Obispo Cty. Superior Ct..*, Case No. 8:07CV317 (D. Neb.) (Filing 9, December 13, 2007, Memorandum and Order requiring Plaintiff to show cause why case should not be dismissed pursuant to PLRA's "three-strikes" provision); *McDade v. Hall of Justice*, Case No. 8:07CV318 (D. Neb.) (Filing 9, same).[1]

---

[1] Cases identified in those orders are:

• *McDade v. Department of Corrections*, No. 8:07CV215 (D. Neb.), dismissed on December 4, 2007;

As the court stated in its previous Memorandum and Order, the PLRA prevents a prisoner with "three strikes" from proceeding IFP unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). "Imminent danger" within the meaning of the statute must exist at the time the complaint is filed and focuses on "the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (in section 1915(g), Congress intended to prevent impending harms, not those that have already occurred).

Plaintiff's response (Filing 10) to the court's Memorandum and Order states that he is being "unlawfully . . . held," lists several cases in which he has apparently been involved,[1] but contains no allegation that Plaintiff is in imminent danger of serious physical injury. While Plaintiff's Complaint does indicate that he has suffered shoulder and arm injuries and cartilage and nerve damage for which he allegedly has not received proper medication (the argument apparently being that if he had been released from prison, he would not have received these injuries), those injuries have already occurred and do not hint at impending harm or ongoing danger.

Because Plaintiff's response contains no argument or facts to suggest he faces any threat of injury, nor do the allegations of his Complaint support a finding of imminent physical harm as required by section 1915(g), Plaintiff is not entitled to the imminent-danger exception to the three-strikes rule. Further, Plaintiff has not paid the $402.00 filing and administrative fees. In the absence of good cause shown, or the payment of the necessary fees, this action must be dismissed.

---

[1] • *McDade v. Department of Corrections*, No. 8:07CV216 (D. Neb.), dismissed on December 11, 2007; and

• *McDade v. Santa Clara County Superior Court*, No. 8:07CV217 (D. Neb.), dismissed on December 12, 2007.

IT IS ORDERED that:

1. This case is dismissed without prejudice and a separate judgment will be entered in accordance with this Memorandum and Order.

2. Any notice of appeal filed by Plaintiff must be accompanied by the $505.00 appellate filing fee because Plaintiff will not be allowed to proceed in forma pauperis on appeal.

DATED this 25th day of May, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

3